IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OFMISSISSIPPI
OXFORD DIVISION

HENRY MOORE, ASSIGNEE OF RICKY
CHAD FRAZIER                                                                    PLAINTIFF

VS.                                                                                    NO. 3:14-cv-0013

GEICO GENERAL INSURANCE COMPANY, INC.                              DEFENDANT

# ORDER

This cause comes before the court on the motion of defendant GEICO General Insurance Company, Inc. ("GEICO") for summary judgment, pursuant to Fed. R. Civ. Pro. 56. Plaintiff Henry Moore, as assignee of Ricky Ward Frazier, has responded in opposition to the motion. The court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This case presents a bad faith and negligence action arising out of alleged coverage which, it seems clear enough from the agreed facts of the case, was procured by fraud. On December 6, 2011, Ricky Chad Frazier, who was (along with his wife Ashley) an insured under a GEICO insurance policy, struck and killed Rodney Moore in a vehicle-pedestrian accident. While the Fraziers were, as mentioned, GEICO insureds, their coverage did not extend to the truck which Ricky was driving at the time of the accident. This fact should have been known to Ricky, inasmuch as he received a citation at the accident scene for driving without proof of insurance. Notably, plaintiff concedes in his brief that, after the accident, the Fraziers took the following, rather reprehensible, action:

> After the wreck, Frazier cooperated with law enforcement and then called his wife. In her deposition testimony, Ashley Frazier, the wife of Chad Frazier, admitted that she suspected that the truck was not on their insurance policy with GEICO. Some time during the afternoon of the wreck in question, but after the wreck, Mrs. Frazier contacted Geico and added Frazier's pickup to her existing policy.

Thus, plaintiff concedes that the insurance "coverage" which forms the basis of the instant bad faith and negligence action was procured under circumstances which this court can only regard as fraudulent.

In seeking to survive the summary judgment motion which defendant has filed, plaintiff relies upon two primary facts. The first is that the plaintiff in this case is not Ricky Frazier, but rather Henry Moore, the father of the pedestrian who was killed in the 2011 accident. Moore filed a wrongful death action against Ricky Frazier in state court, and after judgment was entered against Frazier in that case, he assigned any rights he might have under the GEICO policy to Moore. Thus, while Moore has been assigned the rights under a policy which was seemingly procured by fraud, he can accurately state that he himself did not commit any such fraud. The second fact which plaintiff is able to cite in his favor arises from the fact that, after GEICO received the post-accident call from Ashley Frazier, it issued an insurance card which showed that the truck was added to a policy with a coverage period lasting from August 24, 2011 through February 24, 2012. This insurance card allowed the Fraziers to obtain an order from the Union County Justice Court dismissing the ticket that Ricky had received for driving without proof of valid insurance.

In the court's view, while the above facts do allow Moore to escape the award of sanctions which would almost certainly have confronted the Fraziers if they had filed this action, it does not allow them to survive defendant's motion for summary judgment. In the court's

view, regardless of Moore's knowledge, or lack thereof, of the fraud apparently committed by the Fraziers, the fact remains that the "coverage" which forms the basis of the instant lawsuit was obtained under fraudulent circumstances. It may well be true that Moore only learned of the Fraziers' actions after Ashley admitted at her deposition in this case that she had only called GEICO to request coverage after her husband's accident. It appears that Ashley's testimony may have come as an unpleasant surprise to Moore, since he amended his complaint in this case to assert a negligence claim against GEICO shortly afterwards. Plaintiff has not voluntarily dismissed his bad faith claim, but it seems clear to this court that he has no breach of contract claim against GEICO, much less a bad faith claim.

It appears that plaintiff's primary argument in this case is in favor of his negligence claim, which is based upon the notion that GEICO acted negligently in simply adding the Fraziers' truck to their insurance card without properly setting forth the effective dates of coverage. While this case presents a quite unique fact pattern which has apparently not been addressed by prior Mississippi appellate court precedent, this court has little difficultly in making an *Erie*-guess that the Mississippi Supreme Court would not allow a negligence claim under the circumstances of this case. This court finds multiple reasons for so concluding, starting with a conclusion that GEICO owed no duty of reasonable care to insureds who were attempting to defraud it to uncover and document the exact nature of that fraud. The policy considerations supporting such a holding should be quite clear, since a contrary holding would seemingly provide unscrupulous insureds with multiple avenues for obtaining coverage to which they are not entitled, depending upon whether or not the insurer was diligent in discovering their fraud.

Even assuming that GEICO were somehow assumed to owe the Fraziers a duty of reasonable care to discover their fraud in this case, the court additionally concludes that they

3

suffered no damages based upon GEICO's alleged failure to comply with that duty in this case. Indeed, it seems clear enough that Ricky Frazier *benefitted* from the insurance card which GEICO issued in his favor, since it allowed him to "beat" a ticket that, by all appearances, was a valid one. In arguing otherwise, plaintiff asserts in his brief, apparently with a straight face, that:

> Based on the insurance card produced by Geico, the Justice Court dismissed Frazier's citation for failure to present proof of financial responsibility at the wreck scene. The Justice Court, and Frazier, for that matter, justifiably relied on the effective policy period dates presented on the insurance card, with an effective coverage date of August 24, 2011, as is required under Mississippi law. The Fraziers also reasonably relied on the effective date provided on the insurance card Geico issued them, with the understanding that, because the insurance card provided an effective coverage date of August 24, 2011 and that this was the instrument requested for production by the Justice Court clerk, the wreck on December 6, 2011 would be covered under the liability insurance policy.

This court strongly disagrees with plaintiff's assertion that the Fraziers "reasonably relied" upon the effective policy dates in the GEICO insurance card, since Ashley made it very clear in her deposition that she was well aware that she only added the truck to the policy after the accident in this case. Under these circumstances, the Fraziers should have been aware that the effective coverage dates in the insurance card were a mistake caused by their own deceitful conduct.

The court notes that, in addressing plaintiff's negligence claim, defendant relies partly upon arguments that the assignment in this case only related to Frazier's rights under the insurance contract and that such assignment does not cover negligence claims. Defendant further argues, based upon this and other facts, that plaintiff does not find himself in a proper procedural posture to assert claims against it. While the court agrees with defendant's arguments in this regard, it wishes to make clear its view that no bad faith or negligence claim could properly be asserted against GEICO under the facts of this case, regardless of the precision with which any assignment had been drafted. The court finds that allowing such claims to be asserted against

GEICO under the facts of this case would insult basic considerations of fairness and public policy, and it makes an *Erie*-guess that the Mississippi Supreme Court would not allow such to occur. Defendant's motion for summary judgment will therefore be granted.

It is therefore ordered that defendant's motion for summary judgment is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. Pro. 58.

This the 6th day of April, 2015.

                                                   **/s/ MICHAEL P. MILLS**
                                                   **UNITED STATES DISTRICT COURT**
                                                   **NORTHERN DISTRICT OF MISSISSIPPI**